IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERCON COFFEE CORPORATION | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 16 – 3739 |
| | § | ADMIRALTY |
| KAWASAKI KISEN KAISHA, LTD. | § | |

### *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mercon Coffee Corporation files this Original Complaint against Defendant Kawasaki Kisen Kaisha, Ltd., *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York Corporation with its principal place of business in Coral Gables, Florida.

3. At all times material, Defendant owned, managed, operated and/or chartered the M/V PENANG BRIDGE and M/V BEAR MOUNTAIN BRIDGE as a common carrier of goods by water for hire between various ports, including the Ports of Ho Chi Minh City, Vietnam, Oakland, California and Houston. Defendant is a foreign entity not

authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating, managing and/or chartering vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Defendant has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it.  Defendant can be served at its home office at Iino Building, 1–1, Uchisaiwaicho 2–chome, Chiyoda–ku, Tokyo 100–8540, Japan.

   4.  On or about December 3, 2015, Plaintiff's shipper tendered in good order and condition to Defendant at Ho Chi Minh City a containerized cargo of bags of coffee. Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and

deliver at Oakland the cargo in the same good order and condition as when received, in consideration of paid freight charges. Defendant acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at Ho Chi Minh City various bills of lading, including Bill of Lading No. KKLUSGN231791, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V PENANG BRIDGE.

5. Thereafter, on information and belief, Defendant transshipped the cargo from the M/V PENANG BRIDGE to the M/V BEAR MOUNTAIN BRIDGE.

6. On or about December 29, 2015, the M/V BEAR MOUNTAIN BRIDGE arrived at Oakland where Defendant discharged and later delivered to Plaintiff the cargo not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, moist, damp, stained, torn, moldy, caked, short, slack, contaminated, loose, spilled, spoiled, ripped, missing, never delivered and/or otherwise physically damaged or lost. The damages and loss proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V PENANG BRIDGE and/or M/V BEAR MOUNTAIN BRIDGE

7. Plaintiff proximately has sustained damages exceeding $24,589.90 plus interest dating from December 3, 2015, demand for which has been made upon Defendant but which it refuses to pay.

8.  At all times material, Plaintiff owned the cargo and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer that is or may become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mercon Coffee Corporation prays that this Honorable Court adjudge that Defendant Kawasaki Kisen Kaisha, Ltd., *in personam*, is liable to Plaintiff for its damages as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, Suite F570
Houston, Texas 77007
Telephone:  (713) 864–2221
Facsimile:  (713) 864–2228
Email:  macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF